**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-cv-61760-WPD**

FIDELITY WARRANTY
SERVICES, INC.,

      Plaintiff,

v.

SIX M'S II, LLC, d/b/a, CHRYSLER
OF LAWRENCEBURG and MARCUS D.
WITHERS,

      *Defendants.*

_____/

**ANSWER OF THE DEFENDANTS, SIX M'S II, LLC d/b/a, CHRYSLER OF LAWRENCEBURG AND MARCUS D. WITHERS TO THE COMPLAINT OF THE PLAINTIFF, FIDELITY WARRANTY SERVICES, INC.**

The Defendants, Six M's II, LLC d/b/a Chrysler of Lawrenceburg (**"Chrysler of Lawrenceburg"**) and Marcus D. Withers (**"Marcus Withers"**), (collectively **"Six M's II Defendants"**), by counsel, and for their Answer to the Complaint of the Plaintiff, Fidelity Warranty Services, Inc (**"FWS"**) state as follows:

    1.    The Six M's II Defendants deny the allegations contained within paragraph 1 of the Complaint to the extent they constitute conclusory statements of fact or law and seek to construe or interpret the terms and conditions of the written agreements and affirmatively state that any written agreements referenced in paragraph 1 of the Complaint speak for themselves.

    2.    The Six M's II Defendants are without sufficient knowledge, information, or belief in which to admit or deny the allegations contained within paragraph 2 of the Complaint and therefore said allegations are denied.

3.      The Six M's II Defendants deny the allegations contained within paragraph 3 of the Complaint to the extent they seek to construe or interpret the terms and conditions of the written agreements and affirmatively state that any written agreements referenced in paragraph 3 of the Complaint speak for themselves. The Six M's II Defendants are without sufficient knowledge, information or belief in which to admit or deny the remaining allegations contained within paragraph 3 of the Complaint and therefore said allegations are denied.

4.      The Six M's II Defendants are without sufficient knowledge, information, or belief in which to admit or deny the allegations contained within paragraphs 4 and 5 of the Complaint and therefore said allegations are denied.

5.      The Defendant, Chrysler of Lawrenceburg, admits so much of the allegations contained within paragraph 6 of the Complaint which assert that the Defendant, Chrysler of Lawrenceburg is organized under the laws of Kentucky with its principal place of business at 3801 Billtown Rd., Unit 99602, Louisville, Kentucky 40269. The Defendant, Chrysler of Lawrenceburg denies all allegations contained within paragraph 6 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written agreements and affirmatively states that said documents speak for themselves. The Defendant, Chrysler of Lawrenceburg, denies all remaining allegations contained within paragraph 6 of the Complaint.

6.      The Defendant, Marcus Withers, admits so much of the allegations contained within paragraph 7 of the Complaint which assert that the Defendant, Marcus Withers, is an individual over the age of 18 years and a resident of Kentucky. The Defendant, Marcus Withers, denies the remaining allegations contained within paragraph 7 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written agreements and affirmatively states that said documents speak for themselves.

7. The Six M's II Defendants are without sufficient knowledge, information, or belief in which to admit or deny the allegations contained within paragraph 8 of the Complaint and therefore said allegations are denied; however, the Six M II Defendants do not deny matters of public record.

8. The Defendant, Chrysler of Lawrenceburg admits so much of the allegations contained within paragraph 9 of the Complaint which state that the Defendant, Chrysler of Lawrenceburg, entered into certain agreements with FWS. The Defendant, Chrysler of Lawrenceburg is unable to admit or deny the description of these agreements as "Commission Agreements" as those documents are not attached to the Complaint or specifically identified and therefore said allegations are denied. The Defendant, Chrysler of Lawrenceburg denies the remaining allegations contained within paragraph 9 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written agreements and affirmatively states that said documents speak for themselves.

9. The Defendant, Chrysler of Lawrenceburg admits so much of the allegations contained within paragraph 10 of the Complaint which assert that the Defendant, Chrysler of Lawrenceburg, and the Plaintiff, FWS, entered into an agreement concerning the provision of funds to the Defendant, Chrysler of Lawrenceburg relating to the acquisition of an additional dealership. The Six M's II Defendants, deny the remaining allegations contained within paragraph 10 of the Complaint.

10. The Six M's II Defendants admit so much of the allegations contained within paragraph 11 of the Complaint that the Defendant, Chrysler of Lawrenceburg, entered into the Advance Agreement attached to the Complaint as Exhibit 1, but deny that the attachment is all

terms. The Six M's II Defendants, deny the remaining allegations contained within paragraph 11 of the Complaint.

11. The Defendant, Chrysler of Lawrenceburg, denies the allegations contained within paragraphs 12, 13, and 14 of the Complaint to the extent they seek to construe and/or interpret the terms and conditions of the written agreements referenced therein and affirmatively state that said documents speak for themselves.

12. The Defendant, Marcus Withers, denies the allegations contained within paragraph 15 of the Complaint.

13. The Defendant, Marcus Withers, admits the allegations contained within Paragraph 16 of the Complaint that he signed a Personal Guarantee but denies it was "attached."

14. The Defendant, Marcus Withers, denies the allegations contained within Paragraph 17 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written agreement and affirmatively states that said document speak for itself.

15. The Defendant, Chrysler of Lawrenceburg, denies the allegations contained within paragraphs 18 and 19 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written agreement and affirmatively states that said document speak for itself.

16. The Defendant, Chrysler of Lawrenceburg, admits so much of the allegations contained within paragraph 20 of the Complaint which assert that the Plaintiff, FWS, sent invoices to the Defendant, Chrysler of Lawrenceburg and that not all invoices have been satisfied. The Defendant, Chrysler of Lawrenceburg, denies the remaining allegations contained within paragraph within paragraph 20 of the Complaint.

17. The Defendant, Chrysler of Lawrenceburg, admits so much of the allegations contained within paragraph 21 of the Complaint which assert that the Plaintiff, FWS, sent a letter to the Defendant, Chrysler of Lawrenceburg in May of 2024. The Six M II Defendants deny the remaining allegations contained within paragraph 21 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written document or agreements and affirmatively states that said document(s) speak for themselves.

18. The Defendant, Chrysler of Lawrenceburg, admits the allegations contained within paragraph 22 of the Complaint which are a direct result of the actions and/or inactions of the Plaintiff, FWS and/or the lack of good faith of FWS.

19. The Defendant, Chrysler of Lawrenceburg, admits so much of the allegations contained within paragraph 23 of the Complaint, which assert that the Plaintiff, FWS, issued correspondence dated August 6, 2024. The Defendant, Chrysler of Lawrenceburg, denies the remaining allegations contained within paragraph 23 of the Complaint to the extent that they seek to interpret or construe the terms and conditions of the written document or agreements and affirmatively states that said document(s) speak for themselves. The Six M's Defendants admit such payment was not made as demanded.  The Six M's II Defendants deny the remaining allegations contained within paragraph 23 to the extent they constitute conclusions of law.

20. The Six M's II Defendants deny the allegations contained within paragraphs 24 and 25 of the Complaint.

21. The Six M's II Defendants incorporate by reference all allegations contained within paragraphs 1-20 above in response to paragraph 26 of the Complaint.

22. The Six M II Defendants deny the allegations contained within paragraphs 27-34 of the Complaint.

23. The Six M's II Defendants incorporate by reference all allegations contained within paragraphs 1-22 above in response to paragraph 35 of the Complaint.

24. The Six M's II Defendants deny the allegations contained within paragraphs 36-42 of the Complaint.

25. The Six M's II Defendants incorporate by reference all allegations contained within paragraphs 1-24 above in response to paragraph 43 of the Complaint.

26. The Six M's II Defendants deny the allegations contained within paragraphs 44-47 of the Complaint.

27. The Six M's II Defendants deny all allegations contained within the Complaint not specifically admitted to herein.

### First Affirmative Defense

The allegations fail to state a claim upon which relief may be granted as the referenced documents are incomplete and fail to include the entire agreement between the parties.

### Second Affirmative Defense

The allegations contained within the Complaint are barred in whole or in part due to the prior breach of the Plaintiff as a result of its failure to advance the full amount of the various agreed upon amounts contemplated by the parties.

### Third Affirmative Defense

The allegations contained within the Complaint are barred in whole or in part due to the doctrine of estoppel as a result of its failure to advance the full amount of the various agreed upon amounts contemplated by the parties.

WHEREFORE, The Six M II Defendants demand as follows:

1. The Complaint be dismissed in its entirety.

2. Their costs and expenses incurred herein.

3. Any and all other relief to which the Six M II Defendants appear to be entitled.

Respectfully submitted,

*/s/ Amy S. L. Terwilleger*
Amy S. L. Terwilleger
Florida Bar No.: 98658
aterwilleger@gunster.com
mmargolese@gunster.com
eservice@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, Florida, 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677

And

John D. Cox
William H. Mooney
jcox@lcgandm.com
wmooney@lynchcox.com
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, Kentucky 40202
Telephone: (502) 589-4215
Facsimile: (502) 589-4994

***Attorneys for Six M's II, LLC, d/b/a, Chrysler of Lawrenceburg and Marcus D. Withers***

8

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing was on this the 27th day of September, 2024 electronically filed with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record in this action.

/s/ *Amy S. L. Terwilleger*