UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-61760-CIV-DIMITROULEAS/HUNT

FIDELITY WARRANTY
SERVICES, INC.,

                Plaintiff,

vs.

SIX M'S II, LLC, d/b/a, CHRYSLER
OF LAWRENCEBURG, and
MARCUS D. WITHERS,
                Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff's Motion for Bill of Costs. ECF No. 58. The Honorable William P. Dimitrouleas referred the instant motion to the undersigned for appropriate disposition. ECF No. 59; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having carefully reviewed the Motion, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends the Motion be GRANTED IN PART for the reasons outlined below.

The Court on July 7, 2025, entered summary judgment on Plaintiff's breach-of-contract action against Defendants. ECF No. 51. Plaintiff now seeks costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. Local Rule 7.3(c), and 28 U.S.C. § 1920. Plaintiff's Motion is unopposed.

Fed. R. Civ. P. 54(d) states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[The] language [of Fed. R. Civ. P 54(d) creates a

presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

It is undisputed that Plaintiff is the prevailing party for the purposes of awarding costs.  Plaintiff seeks $435.74 for filing the Complaint in the Circuit Court of the 17th Judicial Circuit, and $650.00 for pro hac vice admissions.  Filing fees are routine litigation expenses compensable under 28 U.S.C. § 1920.  Courts in this district have likewise begun to recognize pro hac vice application fees as taxable.  *See, e.g., CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A*, No. 18-81689-CIV-ROSENBERG/REINHART, 2020 WL 13847460, at *2 (S.D. Fla. Oct. 16, 2020).

Plaintiff also seeks $685 in costs for service of process.  The costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920.  However, when a Plaintiff uses a private process server such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000).  Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."  Per Plaintiff's documentation, four items were served, with no indication as to how long the service took.  Plaintiff is therefore entitled to only $260 in service costs.

Finally, Plaintiff seeks $3,862.50 in costs for the depositions of Defendant Marcus Withers, Anthony Huff, John Flynn, and Megan Kenary.  Deposition costs under § 1920(2) are recoverable when the deposition was "necessarily obtained for use in the case."  The depositions were used in Plaintiff's Motion for Summary Judgment, and Defendant does

not oppose Plaintiff's assertion of necessity. Accordingly, Plaintiff should be awarded these costs.

Accordingly, it is hereby RECOMMENDED that:

Plaintiff's Motion for Bill of Costs, ECF No. 58, be GRANTED IN PART to the extent that Plaintiff be awarded $435.74 for filing fees, $650.00 for pro hac vice admissions, $260 for service costs, and $3,862.50 for necessary depositions, for a total award of $5,208.24

The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 2nd day of September 2025.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record